**BELLMORE SALES CORP., Plaintiff,**

v.

**WINFIELD DRUG STORES, INC.,** Nicholas S. Gesoalde, New York State Pharmaceutical Assn., Inc., National Independent Pharmacists, Inc., John Doe and Richard Roe, Numbered 1 to 1,000, the names of Said Numbered Defendants being Fictitious, the True Names of Such Persons Being Unknown to Plaintiff, the Parties Intended being the Members of the Named Trade Association Engaging in the Conspiracy Herein Alleged, Chanel, Inc., Coty, Inc., Johnson & Johnson, Parker Pen Company, Defendants.

United States District Court
S. D. New York.

Aug. 9, 1960.

Morton L. Kimmelman, New York City, for plaintiff.

Rogers, Hoge & Hills, New York City, for Johnson & Johnson.

CASHIN, District Judge.

This is a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint as to defendant, Johnson & Johnson, on the grounds that it fails to state a claim against defendant, Johnson & Johnson, upon which relief can be granted or, in the alternative, on the grounds that it recites a claim which should be properly raised as a compulsory counterclaim in a prior pending action under Rule 13(a) of the Federal Rules of Civil Procedure.

 This action is under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 and 15, wherein the plaintiff is seeking injunctive relief and treble damages on the grounds that defendants have conspired to fix and maintain the prices of goods sold by plaintiff (drug, sundry and cosmetic field). The complaint is sufficient to defeat defendant's motion. Dismissing a complaint "for reasons not going to the merits is viewed with disfavor in the federal courts." Nagler v. Admiral Corporation, 2 Cir., 1957, 248 F.2d 319, 322. There is no special rule of pleading for anti-trust cases and they are treated the same as all others with regard to pleadings. Nagler v. Admiral Corporation, supra. The general rule is that—

" * * * a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.

Under the Federal rules it is the function of the pleadings to give fair notice of the asserted claim. The complaint in this action is sufficient to defeat this motion under Rule 12(b)(6).

 Turning to the alternative part of the motion that the plaintiff's claim should be dismissed because it should have been raised as a compulsory counterclaim in a prior pending action by Johnson & Johnson against plaintiff, it must, likewise, be denied. Rule 13(a) of the Federal Rules of Civil Procedure states:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

Note 7 of the Advisory Committee on the Rules states:

"If the action *proceeds to judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred." 28 U.S.C. following Rule 13. (Emphasis supplied.)

The prior action is still pending. It is only after that action proceeds to judgment that any compulsory counterclaim, arising out of the transaction or occurrence that is the subject matter of the prior suit, will be barred. Schott v. Colonial Baking Co., D.C.W.D.Ark.1953, 111 F.Supp. 13.

The motion is denied in its entirety.

It is so ordered.