**George R. LaFOLLETTE**

v.

**Grandville W. HERRON.**

Civ. A. No. 4347.

United States District Court
E. D. Tennessee, N. D.

Aug. 28, 1962.

Clements, Blackburn & Newkirk, Knoxville, Tenn., for plaintiff.

J. W. Baker, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This matter grows out of an automobile accident which occurred at Shook's Gap on the Chapman Highway on November 18, 1960. Herron (defendant here) brought suit in this Court—Case No. 4171—against LaFollette (plaintiff here) on December 19, 1960 and LaFollette filed an answer, but no cross-claim, on December 30, 1960. Subsequently, on July 3, 1961, this Court signed an order approved by both lawyers, which recited that a compromise settlement had been reached, and dismissing the action with prejudice, LaFollette to pay the costs.

Subsequently, on November 13, 1961, LaFollette filed this plaintiff's action in this Court against Herron for damages for Herron's negligence arising out of the same automobile accident.

Plaintiff filed no counterclaim or cross-claim in No. 4171 as required by Rule 13 (a), which reads as follows:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action." (Emphasis added.)

Prior to the Pre-Trial, defendant filed a motion for summary judgment on the ground that "the subject matter of the action now before the Court arises out of the same occurrence as that giving rise to the prior action" and that the present action is barred by Rule 13(a), which provides that a compulsory counterclaim shall be filed and that a counterclaim is compulsory, where it arises out of an occurrence which is the subject matter of the pending action.

On bald principle, the motion is well taken, Reynolds v. International Harvester Co., 141 F.Supp. 371 (D.C.Ohio); affirmed 233 F.2d 959, (C.A. 6)—although it is not clear in the Reynolds case whether there was a failure to file a compulsory counterclaim. See United States v. Eastport Steamship Corp., 255 F.2d 795, 805 (C.A. 2).

However, this presents a novel and very difficult question when applied to the facts in the instant case. Plaintiff testified that he did not consent either orally or in writing to the action of the insurance carrier in settling the case and that he did not file a counterclaim because he was not able to do so. He further stated that he had no contact with the case except when the claim agent saw him in the hospital and he had no knowledge of the fact other than that he was served with papers. He further testified, in substance, that he made it known to the agent that he intended to sue Herron to recover damages for his injuries unless he was paid without a suit.

In view of the foregoing circumstances, does Rule 13(a) require a dismissal for failure to file a counterclaim, even though plaintiff was not physically able to do so? Insurance company counsel, who represented the plaintiff in the original case, is an attorney of the highest repute. Presumably, he thought defendant in that case was at fault, but the issues of negligence and causation were never tried since it was settled by agreement without trial.

In Douglas v. Wisconsin, etc., 81 F. Supp. 167, 170 (D.C.Ill.) Judge Campbell refused to allow the question of a compulsory counterclaim to be pleaded in a second suit on the ground the complaint was dismissed before the first was tried on the merits. He pointed out that at the time of dismissal it would still have been possible for Douglas to have asserted a counterclaim by way of amendment, but that this became unnecessary in view of the dismissal order.

The case of Schott v. Colonial Baking Co., 111 F.Supp. 13, 19 (D.C.Ark.) relied on by movant states that Rule 13(a) is "predicated upon the theory of res judicata, i. e., once a party has litigated *or had an opportunity to litigate a cause of action,* he should then be barred from reasserting the same cause of action at some subsequent time \* \* \*" (emphasis added) and that in a diversity case a federal court will follow the state law with respect to res judicata.

It would be shocking to deny plaintiff here his claim if he had had no opportunity to present or litigate it. Rule 1 of the Federal Rules of Civil Procedure states that "They [the Rules] shall be *construed to secure the just,* speedy, and inexpensive *determination of every action."* The determination must be *just* as well as speedy and *inexpensive;* and plaintiff testified that he advised insurance counsel that he desired to make a claim for damages for his personal injuries, but the first action was compromised before he had an opportunity to do so. Hence, a just determination of Herron's alleged negligence was not achieved.

It was held in the case of the City of Chattanooga v. Ballew, 354 S.W.2d 806 (Tenn.App.) that "an insurer's settlement of a suit brought against its insured does not bar the insured's claim either on the principle of res judicata or estoppel in the absence of participation in the settlement by the insured." (Emphasis added.) American Trust, etc. v. Parsons, 21 Tenn.App. 202, 207, 108 S. W.2d 187; Jetton v. Polk, 17 Tenn.App. 395, 68 S.W.2d 127. See cases annotated in 32 A.L.R.2d 937.

The insured had no day in court on the question of negligence of Herron. Conceivably plaintiff was at fault in not filing a counterclaim and thus preserving his rights. On the other hand, it would be abhorrent to deprive him of this right if he had no opportunity to present it prior to the settlement and dismissal of the first case. This Court is constrained to find that plaintiff did not have an opportunity to present his claim in Court prior to the compromise settlement.

For the reasons indicated, the motion to dismiss should be denied.