**ACF INDUSTRIES, INCORPORATED,**
Plaintiff,

v.

**Victor HECHT, and the Hecht Valve Company, Inc., Defendants (two cases).**

**Civ. A. Nos. W–3222, W–3558.**

United States District Court
D. Kansas.

Feb. 16, 1967.

John O. Tramontine and William J. Barnes, of Fish, Richardson & Neave, New York City, Mikel Stout, of Foulston, Siefkin, Powers, Smith & Eberhardt, Wichita, Kan., for plaintiff.

Thomas A. Bush, Wichita, Kan., John J. Watts, Odessa, Tex., Clarence E. Keys, Monahans, Tex., for defendants.

## MEMORANDUM DENYING MOTIONS

WESLEY E. BROWN, District Judge.

These actions are before the court on defendants' motion to dismiss, or in the alternative, to transfer to the United States District Court for the Western District of Texas, sitting in El Paso, on the ground of forum non conveniens.

The following history of the case may be helpful to a discussion of the motions herein. On April 1, 1960, plaintiff filed a patent application on behalf of two of its employees, for a carburetor valve which is the subject of this litigation. The same year, on August 15, Hecht applied for the patent here in suit, claiming a carburetor valve construction which was also shown in plaintiff's earlier application.

On September 18, 1962, after various proceedings in the patent office which are not involved here, Hecht was granted Patent No. 3,054,594, here in suit, without a determination of the issue of priority as between plaintiff and Hecht having been decided. On February 12, 1963, the Patent Office declared an interference, No. 93,403, in which the sole issue was which of the parties first made the valve. The interference has since been decided, on December 28, 1965. Priority of Claim 2 was awarded to Hecht, and that of Claim 4 to ACF.

A year and a half before this decision, however, on June 18, 1964, Hecht filed a complaint in the United States District Court for the Western District of Texas, which as amended, charges ACF Industries and its customers with infringing Claims 1, 2 and 4 of his patent. Twelve days later, on June 30, 1964, ACF Industries filed Civil Action No. W–3222 in this court seeking a declaratory Judgment that Hecht's patent is invalid and not infringed by ACF, and an injunction restraining defendants from bringing other infringement actions against plaintiff's customers. Defendants have counterclaimed in W–3222, charging infringement in Claims 1, 2 and 4 of the Hecht patent.

On September 16, 1965, again prior to the conclusion of the interference proceeding, Judge Suttle of the Texas court ordered that the Texas action there be stayed pending the final determination of Civil Action No. W–3222 in this court. On December 16, 1966, Judge Guinn of the United States District Court for the Western District of Texas vacated the stay order and set the Texas action down for trial commencing May 1, 1967. Judge Guinn also denied Hecht's motion for an order restraining ACF Industries from proceeding with the cases now before this court.

The second action in this court, Civil Action No. W–3558, was filed January 17, 1966, seeking review of the Patent Office decision in the interference proceeding decided, as noted above, the preceding December 28, 1965.

The motion to dismiss is based on at least two grounds: (1) that the United States District Court for the Western District of Texas acquired exclusive jurisdiction of the subject matter of the instant suits, because the infringement action was filed there first; (2) that at the time that action was commenced, it could not have been brought in this court, and that no subsequent conduct could confer jurisdiction here.

First, it seems clear that a pending infringement action does not

affect jurisdiction in a subsequently filed declaratory judgment action. In Penn Electric Switch Co. v. United States Gauge Co., 129 F.2d 166, 167 (7 Cir. 1942), cert. denied, 317 U.S. 675, 63 S.Ct. 80, 87 L.Ed. 541, cited by plaintiff, the court wrote:

> "[T]here was no jurisdictional obstacle to the bringing, or to the maintenance of a suit for a declaratory decree (growing out of an alleged erroneous assertion of validity and infringement of a claim of a patent), based on the pendency of a patent suit on the same patent and claim, between the same parties, in another court having jurisdiction of the infringement suit and of the parties. The granting of a declaratory judgment lies in the sound discretion of the trial judge."

Prior commencement of the infringement action is not a jurisdictional bar to either the declaratory judgment action or the proceeding to review the Patent Office interference proceeding.

Defendants state in their brief that, at the time the Texas infringement action was commenced, it could not have been brought in this court, and that no subsequent conduct could confer jurisdiction here. This contention seems irrelevant to the question of our jurisdiction of suits originally commenced in this court.

█ In support of their claim that the Texas court has exclusive jurisdiction, movants rely upon 28 U.S.C. § 1400(b).

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

That section is the venue provision for patent infringement actions only. Both W–3222, the declaratory judgment action, and W–3558, the review proceeding under 35 U.S.C. § 146, are governed by the general venue statute, 28 U.S.C. § 1391.

[4] Movants renew their objection to jurisdiction herein on the apparent ground that the claims in the Kansas actions ought to have been filed in the Texas infringement action as compulsory counterclaims and that they are therefore barred here. We agree with plaintiff that this defense does not arise until after the other action has proceeded to judgment. Plaintiff cites Bellmore Sales Corp. v. Winfield Drug Stores, Inc., 187 F.Supp. 161 (S.D.N.Y.1960), wherein the court denied a motion to dismiss the complaint based on the ground that the subject matter of the complaint should have been raised as a compulsory counterclaim in a prior action between the parties which was still pending. The court denied the motion, stating:

> "Note 7 of the Advisory Committee on the Rules states:
>
> 'If the action *proceeds to judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred.' 28 U.S.C. following Rule 13. (Emphasis supplied).
>
> "The prior action is still pending. It is only after that action proceeds to judgment that any compulsory counterclaim, arising out of the transaction or occurrence that is the subject matter of the prior suit, will be barred. Schott v. Colonial Baking Co., D.C.W. D.Ark.1953, 111 F.Supp. 13."

See also Local Union 499 of International Brotherhood of Elec. Workers v. Iowa Power & Light Co., 224 F.Supp. 731, 738 (S.D.Iowa 1964):

> "A plaintiff's claim should not be dismissed on ground that it should have been raised as a compulsory counterclaim in a prior action, where such prior action is still pending and has not proceeded to judgment."

See also 1A Barron & Holtzoff, Federal Practice and Procedure, § 394.1, p. 584 et seq. The compulsory counterclaim

bar, even after it has proceeded to judgment, has not been based on a want of jurisdiction.

It is highly questionable that the review of the interference proceeding sought in W–3558 constitutes a "claim" which is subject to the counterclaim provision. Even assuming that it was such a claim, however, they were not required to be asserted in the Texas proceeding, because the interference proceeding was not decided until well after the infringement suit was begun.

 Defendants move, in the alternative, that the court transfer both Kansas cases to Texas, under 28 U.S.C. § 1404 (a), which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff states that we may not do so, on the ground that venue would be improper. Victor Hecht is a resident of Kansas, and the Hecht Valve Company is a Kansas corporation which is not licensed to do business, or is doing business, in Texas. ACF is New Jersey corporation, and manufactures the accused valve only at its plant in St. Louis, Missouri.

We agree that the fact venue in Texas would be improper forbids the transfer sought by movants. In Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, the Court held that § 1404 (a) did not authorize transfer to any district in which the plaintiffs could not have brought their action as an original matter, and that it was immaterial that the defendants waived any objections to venue in the transferee district and agreed to proceed therein.

Further, a transfer under § 1404(a) is "for the convenience of parties and witnesses, in the interest of justice." Movants have made no showing of the above to justify the transfer. In the Preliminary Pre-Trial Order of April 13, 1966, defendants lists no witnesses from Texas,

among those it expects to call. The defendants themselves are Kansas residents. Movants state that ACF Industries' two customers, Chrysler and General Motors, are parties to the Texas action, but not to Civil Action W–3222. Movants state that their "right to sue such customers in the El Paso Court * * * should not be abridged" by this court. We perceive no obstacle to that suit from the refusal to transfer.

The Motion to Dismiss, or in the alternative, to transfer the pending actions is hereby denied.

Prevailing counsel will prepare, circulate and submit an appropriate order.