**Jessie Lee KENNEDY, Plaintiff,**

**v.**

**Leonard E. JONES, Administrator of the Estate of Mildred Eva Jones, Deceased, Defendant.**

**Civ. A. No. 5394.**

United States District Court
E. D. Virginia,
Richmond Division.

Feb. 12, 1968.

under Rule 13(a), Federal Rules of Civil Procedure, in a prior action tried in this court between the same parties, wherein Leonard E. Jones, Administrator of the Estate of Mildred Eva Jones, deceased, was the plaintiff, and Jessie Lee Kennedy, Murray Manufacturing Corporation and Transportation Rental, Inc., were defendants. The latter case, Civil Action No. 4623, was tried to a jury on December 16, 1966, with a resulting verdict in favor of Kennedy and Murray Manufacturing Corporation, and the court directing a verdict in favor of Transportation Rental, Inc. No appeal was noted from this final judgment. It is conceded that Kennedy testified at the trial.

The uncontroverted facts on the motion for summary judgment are that, following the filing of the complaint in Civil Action No. 4623 on January 18, 1966, the defense of the action was assigned to a Richmond law firm retained by the liability insurance carrier for Murray Manufacturing Corporation. As Kennedy was operating a tractor-trailer owned by Murray Manufacturing Corporation within the scope of his employment, it was likewise incumbent upon the Richmond law firm to defend Kennedy. A joint answer was filed for the three defendants, but no counterclaim was filed in behalf of any party.[1] It is agreed that at no time during the preparation for trial was Kennedy advised of his right to file a counterclaim against the Estate of Mildred Eva Jones for Kennedy's injuries resulting from the accident of September 10, 1965; nor was Kennedy advised that he would lose his right to file an independent claim if he did not file a counterclaim; nor was he advised that the insurance carrier for Murray Manufacturing Corporation had made a nominal offer to settle Civil

Henry M. Taylor, Jr., Richmond, Va., for plaintiff.

Rufus G. Coldwell, Jr., Richmond, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

### MEMORANDUM

Defendant has filed a motion for summary judgment presenting the single issue that the now plaintiff, Kennedy, failed to file a compulsory counterclaim

---

1. This is not a case in which the Richmond law firm was representing Kennedy and Murray Manufacturing Company in name, by reason of the Virginia Uninsured Motorist statute. We do not pass upon the effect of Rule 13(a) as applied to an attorney failing to file a compulsory counterclaim in order to protect his insurance company.

Action No. 4623 a short time prior to trial.

Present counsel for Kennedy urges that, under the circumstances here presented, Rule 13(a) should not be interpreted so as to invoke the harsh rule of barring Kennedy's Civil Action No. 5394 filed on August 23, 1967. With candor, Kennedy's counsel agrees that the situation presented in the prior action was typical and called for a compulsory counterclaim.[2]

Kennedy relies, in part, upon LaFollette v. Herron, 211 F.Supp. 919 (E.D. Tenn., 1962). In that case, a compromise settlement was reached by counsel for the insurance carrier, with a resultant order dismissing the first action with prejudice. The settlement was effected without notice to or knowledge of LaFollette, the named defendant, who thereafter brought a separate action against Herron. In fact, LaFollette's only conference with anyone following the accident was with the claim agent for the insurance carrier while LaFollette was in the hospital. The issues of negligence and causation were never tried in the original action because of the settlement. The court in LaFollette relies upon the language in Schott v. Colonial Baking Co., 111 F.Supp. 13, 19 (D.C.Ark., 1953), stating that Rule 13(a) is "predicated upon the theory of res judicata, i. e., once a party has litigated *or had an opportunity to litigate a cause of action,* he should then be barred from reasserting the same cause of action at some subsequent time * * *." It is in-teresting to note that, in the factual context of the present case, *Schott* is authority supporting the defendant's contention as the present case proceeded to judgment. See also: Lesnik v. Public Industrials Corporation, 144 F.2d 968, 975 (2 Cir., 1944); American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306.

■ The instant case has been once litigated and, moreover, Kennedy has had an opportunity to allege and prove his claim, whatever the merits of same may have been. There is no suggestion that Kennedy ever told the Richmond law firm of his desire to assert any claim against the Estate of Mildred Eva Jones. Presumably, if Kennedy had expressed any such desire, the law firm would have either prepared and filed a counterclaim, or would have otherwise explained to him that he had a right to retain the services of privately employed counsel. The filing of a counterclaim is frequently deemed to be a defensive tactical move and there is no reason to believe that defense counsel would not have resorted to same.[3] While it is true that, in actions involving liability insurance attorneys, the latter ordinarily retain control of the litigation, Rea v. Ford, 198 Va. 712, 96 S.E.2d 92, this is not to say that such control may be exercised to the deprivation of rights with respect to filing a compulsory counterclaim. Cf. Connell v. Indiana Insurance Company, 334 F.2d 993 (4 Cir., 1964). Moreover, while we know nothing as to the facts of the accident which resulted in the death of

---

2. Rule 13(a) reads: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

3. It has been suggested that perhaps the counterclaim was not filed because Kennedy's counsel did not think that there was any insurance on the Jones automobile. Nevertheless, the filing of a counterclaim for tactical defensive reasons is generally recognized as good practice.

Mildred Eva Jones and the alleged injuries to Kennedy, it is not unlikely that the issue of liability was relatively close and that Kennedy gave no thought to pressing any claim against the Estate of Mildred Eva Jones until the jury had returned a verdict in his favor.

We think that the better rule is exemplified by the discussion in Harris v. Jones, 404 S.W.2d 349 (Tex.Civ.App., 1966),[4] and the authorities therein cited. The instant case is even stronger as it is an outgrowth of a fully litigated matter. To hold otherwise would engraft numerous exceptions to Rule 13(a) and the mandatory requirement of a counterclaim as evidenced by the use of the word "shall."

There is language in Moore-McCormack Lines, Inc. v. United States, 175 Ct.Cl. 496 (1966), indicating that the required pleading of a compulsory counterclaim is a court-made rule and, therefore, its application is left to the discretion of the court. However, this is a decision from the Court of Claims under its Rule 21 and the rule-making power of that court is under 28 U.S.C., section 2071, whereas the rule-making power of the district courts as prescribed by the Federal Rules of Civil Procedure is subject to the approval of Congress under 28 U.S.C., sections 2072 and 2073, and hence have the force and effect of law.

■ We find it unnecessary to elect between waiver, estoppel, and res judicata. There is reputable authority to the effect that the failure to file a compulsory counterclaim constitutes a waiver and the party is precluded by *res judicata* from ever suing upon it again. Local U. No. 11, Int. Bro. of Elec. Wkrs. v. G. P. Thompson El., Inc., 363 F.2d 181, 184 (9 Cir., 1966). The interesting discussion in Barron and Holtzoff, Federal Practice and Procedure, Vol. 1A, section 394.1, p. 584, affords some ground for argument supporting relief for failure to file a compulsory counterclaim, but not as applied to the facts of this case where the matter was fully tried and final judgment entered.

Taking judicial notice of the contents of the file in Civil Action No. 4623, the motion for summary judgment will be sustained and the present action dismissed.

4. Application for writ of error refused by Supreme Court of Texas.