**James Henry HILL, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 8880.**

District of Columbia Court of Appeals.

Submitted March 26, 1975.

Decided Oct. 7, 1975.

Harold A. Sakayan, Washington, D. C., was on the brief for appellant.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton and James N. Dul-

can, Asst. Corp. Counsels, Washington, D. C., were on the brief for appellee.

Before KELLY, GALLAGHER, and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant seeks reversal of a trial court order dismissing his suit against the District of Columbia on the ground that he did not give notice of his claim within six months as required by D.C.Code 1973, § 12–309.[1] We affirm.

Appellant was a patient at the District of Columbia General Hospital, being treated for alcoholism and cirrhosis of the liver. It was necessary both to sedate him and to strap him to his bed. On June 8, 1973, a fire started in his bed. Although it was extinguished quickly, appellant was unable to escape its effects. He suffered severe burns to his right side, shoulder, and arm.

As a result of the burns, appellant was hospitalized for five additional months.[2] During that period he received large quantities of sedatives and had five skin graft operations. He was discharged from the hospital on November 6, 1973, but he returned to the hospital on an outpatient basis to receive physical therapy four times a week for some time thereafter.

In January of 1974, appellant obtained counsel. On January 23, 1974—46 days past the six-month deadline—his attorney sent a notice of claim to the District of Columbia.

It is undisputed that written notice of the claim was not given within six months of the date on which appellant was injured. Appellant argues, however, that we should construe § 12–309 so as not to bar his claim. He asserts that he was incapacitated and unable to give the requisite notice, due to the fault of the District of Columbia, during the five months he was in the hospital. We will assume, as the trial court did, that this is true. Appellant was quite ill, and was heavily sedated for substantial periods of time. Appellant further asserts that we should construe § 12–309 as affording him a reasonable period of time within which to furnish notice after he regained his ability to do so, and that he did comply within a reasonable time by sending notice on January 23.

After giving notice, appellant filed his complaint. The government moved to dismiss the suit for noncompliance with § 12–309 before filing an answer. *See* Super.Ct.Civ.R. 12(c). Appellant opposed that motion, and the trial court held a hearing at which appellant submitted hospital records and his own oral testimony seeking to raise a genuine factual issue as to his inability to provide notice within the allotted six months. Since the trial court considered that evidence in addition to the pleadings, it properly treated the motion in effect as one for summary judgment and disposed of it as provided in Superior Court Civil Rule 56. Rule 56(e) provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of

---

1. That statute provides:
    An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Board of Commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

2. Prior to the injuries from the fire, he had been scheduled to leave the hospital on June 12.

his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Our review is limited to determining whether the trial court properly concluded that appellant did not meet his burden of setting forth specific facts demonstrating a genuine issue for trial, and, if appellant did not, whether the trial court correctly applied § 12–309 to the undisputed facts.

■ Although appellant did present substantial evidence indicating that he was incapable of giving notice while he remained in the hospital, we agree with the trial court that he did not meet his burden of setting forth specific facts showing a genuine issue as to whether he reasonably could have complied with the statute during the month after he left the hospital, i. e., within the overall six-month notice period.

The nurse's notes which appellant submitted to the trial court indicate that he was ambulatory when discharged, and appellant testified that he returned to the hospital four times a week for physical therapy thereafter. He also testified that he "was feeling pretty bad" after he got out of the hospital. However, the only reason he gave for feeling bad was that he had a stomach disorder—an ailment from which he apparently had suffered before being burned. Appellant additionally testified that he was "nervous" and "didn't know what to do" after leaving the hospital. We agree with the trial court that those allegations were not sufficient to raise a genuine issue as to whether a wrongful act of the hospital made appellant incapable of providing notice during the month remaining after he was discharged. The trial court concluded:

The result might have been different if the plaintiff had remained in the hospital

under sedation for the entire six months or was not otherwise able to function. Plaintiff, having been discharged as an ambulatory out patient and not having produced any evidence as to his inability to comply with the statute, except his statement he felt poorly, the plaintiff has not met his burden and the issue must be decided against the plaintiff.

■ As the trial judge recognized in his order, this case has a "harsh result". Section 12–309 was enacted (1) to protect the District of Columbia against unreasonable claims, and (2) to give the appropriate governmental officials reasonable notice of an accident so that the facts might be ascertained and, if possible, the claim adjusted. *See, e. g., Wilson v. District of Columbia,* D.C.App., 338 A.2d 437 (1975); *Miller v. Spencer,* D.C.App., 330 A.2d 250 (1974). Appellant argues with superficial validity that those purposes were satisfied here, since he was in the actual custody of one arm of the District of Columbia government during the additional period of hospitalization which was necessitated by his burns. However, as we stated in *District of Columbia v. World Fire and Marine Insurance Co.,* D.C.Mun.App., 68 A.2d 222, 224 (1949):

We must hold that the requirements of the statute as to written notice are mandatory, and that for failure to give such written notice the claim . . . could not be maintained. Verbal notice to a subordinate official cannot take the place of the written notice which the statute says must be given to the Commissioners, the [former] heads of the District Government.

Irrespective of whether we would construe our statute as providing an additional period for compliance where the fault of the government makes timely compliance unreasonable or impossible[3]—an issue we

3. Some jurisdictions have adopted such a construction for similar notice statutes. *See,*

*e. g., Maier v. Ketchikan,* 403 P.2d 34 (Alas. 1965); *Colorado Springs v. Colburn,* 102

need not now decide—we must affirm the order of dismissal in this case.[4] There having been no genuine factual dispute requiring trial, the matter appropriately was one for summary judgment disposition.

Colo. 483, 81 P.2d 397 (1938). Others have declined to do so. *See, e. g., Waite v. Orgill*, 203 Tenn. 146, 310 S.W.2d 179 (1958); *Daniel v. Richmond*, 199 Va. 490, 100 S.E. 2d 763 (1957).

4. In light of the nature of the respective dispositions of this case by the trial court

The trial court's application of § 12–309 was not erroneous under the circumstances. *See* D.C.Code 1973, § 17–305(a).

*Affirmed.*

and by us, we need not reach the constitutional due process question which would be presented if appellant's acknowledged incapacity due to the fire had more nearly approached or exceeded the six-month statutory notice period.