**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellant,**

v.

**Elnora MORRIS et al., Appellees.**

No. 10793.

District of Columbia Court of Appeals.

Argued Oct. 5, 1976.

Decided Dec. 10, 1976.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D.C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel and Richard W. Barton, Asst. Corp. Counsel,

Washington, D.C., were on the brief for appellant.

Leslie Scherr, Washington, D.C., for appellees.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

This appeal challenges the grant to appellee of summary judgment in the District of Columbia's suit to recover the costs of care and treatment incurred by appellee's infant daughter while she was a patient in (D.C. General Hospital.[1] The motion was granted because the District had failed to file the instant claim for recovery as a compulsory counterclaim under Rule 13(a) in a prior malpractice action filed against it by appellees.[2] We affirm.

The salient facts are that in October of 1974, appellee Morris sued the District of Columbia for alleged negligence in the hospital's treatment of her daughter Sharlene. The District moved for summary judgment on the ground that appellee had not complied with the notice requirements of D.C. Code 1973, § 12–309,[3] but the motion was

denied without prejudice for lack of a sufficient factual predicate. The District then filed an answer to the complaint, which did not contain a counterclaim, and somewhat later submitted another motion for summary judgment. This time the court ruled the District had clearly established appellee's failure to timely file the requisite notice of her claim in accordance with § 12–309 and granted summary judgment.

Although the present claim is admittedly a compulsory counterclaim within the provisions of Rule 13(a), the District argues that the suit is not barred because (1) the Rule is only a bar to a subsequent independent action when the judgment in the first suit was on the merits; and (2) since in her prior suit appellee did not comply with the mandatory notice requirements of § 12–309, she presented no claim against which the District could counterclaim.

■ The first argument is, basically, that because the prior malpractice suit was not decided on the merits, the District was thereby denied an opportunity to litigate its present claim. Several cases are cited to support this argument, none of which addresses the precise issue advanced.[4] More-

---

1. Appellee's attorney was also sued, apparently because he holds the proceeds of a settlement in a related case in the United States District Court for the District of Columbia, *Morris v. Children's Hospital, et al.*, C.A. No. 575–71. We refer to Mrs. Morris, who is sued in her capacity as parent and guardian, as the appellee.

2. Super.Ct.Civ.R. 13(a) reads in part:
   *Compulsory Counterclaims:* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

3. D.C.Code 1973, § 12–309 provides:
   An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, with-

in six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Board of Commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

4. As examples, in *Bellmore Sales Corp. v. Winfield Drug Stores, Inc.*, 187 F.Supp. 161 (S.D.N.Y.1960), and *ACF Industries, Inc. v. Hecht*, 284 F.Supp. 572 (D.Kan.1967), Rule 13(a) was held not to bar a second action filed when the first suit was still pending. In *Dindo v. Whitney*, 451 F.2d 1 (1st Cir. 1971), there was a question whether or not the defendant in the first suit had been aware that he had a counterclaim until after the first suit was settled, and the case was remanded for a hearing on this issue. The court stated, however, that the fact that there had been no final judgment on the merits

over, the facts in each differ from those before us in at least one crucial aspect. In none does a court squarely hold that a prior judgment must have been on the merits for Rule 13(a) to bar a second action on what would otherwise have been a compulsory counterclaim. In most, the action was either settled or was dismissed by stipulation or motion before any responsive pleading was required to be filed.[5] Therein lies a critical distinction, for although there may not have been a judgment on the merits in the cited authorities, that fact did not form the basis for decision. The decisional rationale was rather that because there had been no necessity to file a responsive pleading, there had been no opportunity or necessity to file a counterclaim. As stated above, however, Rule 13(a) explicitly requires that a compulsory counterclaim be stated in a responsive pleading. If no pleading is ever filed, the opportunity to state the counterclaim never arises. Consequently, the counterclaim has not been waived, see *Potter v. Carvel Stores of New York, Inc.*, 203 F.Supp. 462 (D.Md.1962), and Rule 13(a) does not bar a later separate action on the same claim.

Applying this rationale to the issue of whether the District had an opportunity to litigate its present claim as a counterclaim in the prior malpractice suit, it is clear that it did. In that suit the District first filed a motion for summary judgment on the ground that Mrs. Morris had failed to comply with the provisions of D.C.Code 1973, § 12–309. The motion was denied because the District had not met its burden of showing that there were no issues of material fact to be litigated. A responsive pleading was then required, which the District filed without including therein a counterclaim to recover the costs which form the basis for the instant action. The District attempts to explain or justify this omission by saying that it was not required to file its compulsory counterclaim because it was certain ultimately to prevail on the renewed motion for summary judgment. Had that motion been denied, it says, it would then have amended its answer to include the counterclaim under Super.Ct. Civ.R. 13(f).

We hold to the contrary, for the District knew or should have known that it had a counterclaim to appellee's original action, that the claim was compulsory, that Rule 13(a) required that it be stated in its responsive pleading in that action, and that if summary judgment were thereafter granted, the claim would be forever barred. Had the District complied with Rule 13, its claim would have been litigated in the original action regardless of the ruling on the motion for summary judgment in that action. The District clearly had the opportunity to litigate its claim and failed to take advantage of it.[6]

---

was immaterial insofar as a Rule 13(a) bar was concerned. And in *Schott v. Colonial Baking Co.*, 111 F.Supp. 13 (W.D.Ark.1953) a second suit was barred after the first had been dismissed with prejudice. The court stated, in passing, that it would make no difference to a 13(a) bar that there had not been a prior judgment on the merits, though it based its decision on Arkansas law which gives a dismissal with prejudice as conclusive an effect as a final judgment on the merits.

5. *E. g., City of Houston v. Standard-Triumph Motor Company*, 347 F.2d 194, 201 n. 20 (5th Cir. 1965); *Lawhorn v. Atlantic Refining Company*, 299 F.2d 353, 356 (5th Cir. 1962); *LaFollette v. Herron*, 211 F. Supp. 919, 920 (E.D.Tenn.1962); *Douglas*

*v. Wisconsin Alumni Research Foundation*, 81 F.Supp. 167, 170, 171 (N.D.Ill.1948); *Kennedy v. Jones*, 44 F.R.D. 52, 54, 55 (E.D. Va.1968).

6. The District cites *LaFollette v. Herron*, *supra*, and *Schott v. Colonial Baking Co.*, *supra*, for the proposition that Rule 13(a) is no bar where there was no opportunity to litigate the counterclaim. In *LaFollette* it was found there actually was no opportunity because the defendant was in the hospital during the first suit, and in *Schott* there was a factual issue as to whether the defendant had even been aware of the existence of the counterclaim prior to settling the first suit. Both of these cases are, therefore, distinguishable.

■ The District also contends that no counterclaim was required to be filed in the prior action because appellee had in her complaint stated no claim against which it could be made. This argument is not only without substance, but it also ignores the plain mandate of Rule 13. It is true that some courts have held that there is no need to counterclaim in a suit which states no original claim. *Lawhorn v. Atlantic Refining Company,* 299 F.2d 353 (5th Cir. 1962); *Seligson v. Plum Tree, Inc.,* 361 F.Supp. 748 (E.D.Pa.1973); and *United States v. Chelsea Towers, Inc.,* 295 F.Supp. 1242 (D.N.J.1967). In each case, however, the suits were dismissed on motion for failure to state a claim upon which relief could be granted or for lack of jurisdiction over the subject matter. In still another case, *City of Houston v. Standard-Triumph Motor Company,* 347 F.2d 194 (5th Cir. 1965), it was held that the federal district court should never have entertained the first suit at all because there was an adequate remedy under state law.

The distinguishing factor in all of these cases is, we believe, that no responsive pleading had been filed.[7] The District's argument, taken to its logical extreme, would mean that whenever a plaintiff lost a case the defendant could argue that there was never any claim against which to counterclaim. This argument, of course, would defeat the purpose of the rule, which is to prevent multiplicity of actions arising from the same occurrence. It also would ignore the legal distinction between *having* a claim and *maintaining* a claim.

The District relies upon our decision in *Hill v. District of Columbia,* D.C.App., 345 A.2d 867 (1975), to support its argument that one who fails to comply with § 12–309 has no claim. The only issue in *Hill,* however, was whether or not there had been compliance with § 12–309. We agreed that there had not and said only that the effect of such a failure was that the plaintiff's claim could not be maintained, not that the plaintiff had in his complaint stated no claim. *Id.* at 869. Moreover, there was no question in *Hill* of a counterclaim, nor was there ever an answer filed.

■ In sum, we agree that the purpose of Rule 13(a) is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Construction Co. v. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962). To allow the District's independent suit to recover from appellee the costs of her daughter's treatment at D.C. General Hospital would clearly defeat that purpose. Rule 13(a) mandated that the District's compulsory counterclaim be stated in its responsive pleading to appellee's prior malpractice complaint and the District's failure to comply with the Rule bars the present action.

The order on appeal is

*Affirmed.*

---

7. In *United States v. Chelsea Towers' Inc., supra,* the government did file an answer to the first complaint. However, an amended complaint was then filed which required an answer. Before the government could file that, its motion to dismiss on jurisdictional grounds was granted.