362 So.2d 99 (1978)
CHEEZEM DEVELOPMENT CORPORATION, Appellant,
v.
MADDOX ROOF SERVICE, INC., Appellee.
No. 78-61.
District Court of Appeal of Florida, Second District.
August 18, 1978.
Rehearing Denied September 13, 1978.
John T. Allen, Jr., P.A., and Walter D. Logan, St. Petersburg, for appellant.
No appearance for appellee.
GRIMES, Chief Judge.
May a party who has failed to interpose a compulsory counterclaim in a suit which is still pending bring an independent action on the same claim? Surprisingly, the answer seems to be yes.
Appellee (Maddox) originally filed suit against appellant (Cheezem) to collect for certain roofing work. Cheezem answered but failed to file a counterclaim. Later Cheezem moved for leave to file a counterclaim against Maddox for improper performance of the roofing work for which Maddox was seeking payment. The motion was denied. This court denied, without opinion, a petition for certiorari directed to the order of denial. Cheezem Development Corp. v. Maddox Roof Service, Inc., 352 So.2d 178 (Fla. 2d DCA 1977).
Cheezem then filed a separate suit against Maddox asserting the same cause of action which Cheezem had tried to file as a compulsory counterclaim in the first suit. On motion by Maddox, the court dismissed the new suit with prejudice because of Cheezem's failure to successfully interpose the compulsory counterclaim in the first *100 action. The first action remains pending. Cheezem appeals the order dismissing the second suit.
The fact that this court denied a petition for writ of certiorari from the order refusing to permit the filing of the counterclaim in the first suit is irrelevant to the disposition of this appeal. The denial of a petition for certiorari without an opinion does not constitute an adjudication on the merits. Don Mott Agency, Inc. v. Harrison, 362 So.2d 56 (Fla. 2d DCA 1978).
Rule 1.170(a), Florida Rules of Civil Procedure provides in part:
(a) Compulsory Counterclaim. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.
While the rule does not specifically say so, where the first suit has proceeded to judgment, the courts are in agreement that a party who has failed to file a compulsory counterclaim cannot thereafter assert that claim in a separate action. Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963); Stone v. Pembroke Lakes Trailer Park, Inc., 268 So.2d 400 (Fla. 4th DCA 1972); Lawyers Title Insurance Corp. v. Little River Bank & Trust Co., 228 So.2d 412 (Fla. 3d DCA 1969); 6 Wright & Miller, Federal Practice and Procedure § 1417 (1971). This interpretation of the rule is grounded on theories of either res judicata or of estoppel. Wright & Miller, supra. The question here is whether the same principle applies when the first suit remains pending.
The point has been reached in Florida only by way of dictum. In holding that a second action could not be brought on a claim which should have been asserted by the defendant as a compulsory counterclaim in an earlier suit in which a default judgment for the plaintiff had been entered, the court in Pesce v. Linaido, 123 So.2d 747, 749 (Fla. 3d DCA 1960), observed:
It has been generally held under Federal Rule 13(a) or similar state rules or statutes that a failure to so assert a compulsory counterclaim precludes assertion thereof in a subsequent action. Annotation 22 A.L.R.2d 621. This penalty has been applied for failure to assert a compulsory counterclaim where the first action has resulted in a consent or default judgment not tried upon its merits, but the action must necessarily have proceeded to a judgment. (emphasis supplied)
Cf. State ex rel. Rosenfeld v. Boyer, 145 So.2d 547 (Fla. 1st DCA 1962).
Rule 1.170(a) was adopted from Fed.R. Civ.P. 13. In construing Rule 13 with respect to a prior pending action, the federal courts have consistently adopted the position suggested by the preceding quotation from Pesce. ACF Industries, Inc. v. Hecht, 284 F. Supp. 572 (D.Kan. 1967); Local Union 499, IBEW v. Iowa Power and Light Co., 224 F. Supp. 731 (S.D.Iowa 1964); Bellmore Sales Corp. v. Winfield Drug Stores, Inc., 187 F. Supp. 161 (S.D.N.Y. 1960). Thus, in Bellmore Sales Corp., supra, at 162, the court said:
This is a motion ... to dismiss the complaint . .. on the grounds that it recites a claim which should be properly raised as a compulsory counterclaim in a prior pending action under Rule 13(a) of the Federal Rules of Civil Procedure.
.....
Note 7 of the Advisory Committee on the Rules states:
`If the action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred.' 28 U.S.C. following Rule 13.
The prior action is still pending. It is only after that action proceeds to judgment that any compulsory counterclaim, arising out of the transaction or occurrence that is the subject matter of the prior suit, will be barred.
Applying this principle to the case at hand, we find that Cheezem's suit against *101 Maddox should not have been dismissed so long as Maddox's earlier suit against Cheezem was still pending. We do not pass on any other action the trial judge might wish to take, except to note that abatement would not be authorized under Florida law. Horter v. Commercial Bank & Trust Co., 99 Fla. 678, 126 So. 909 (1930).
We recognize that our holding could precipitate a race to judgment, but, since both cases are assigned to the same judge, he should be in a position to control any untoward activities. See 6 Wright & Miller, Federal Practice and Procedure § 1418 (1971).
REVERSED.
BOARDMAN and RYDER, JJ., concur.