Sharon Lee Johnson PITTS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 12673.

District of Columbia Court of Appeals.

Submitted June 1, 1978.

Decided Sept. 11, 1978.

---

804

Arthur S. Meisnere and Greg S. Friedman, Washington, D. C., were on the brief, for appellant.

John R. Risher, Jr., Corp. Counsel at the time the brief was filed, Richard W. Barton, Deputy Corp. Counsel, and Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and FERREN, Associate Judges.

KERN, Associate Judge:

■ Appellant brought suit against the District of Columbia on the ground that the District's negligent maintenance of a stairway in the public housing unit in which she lived resulted in the death of her three-year-old daughter. Allegedly, the child fell into the stairwell through an opening in the balustrade created by a missing baluster. On appeal, appellant contends that the trial court erroneously granted the District's motion for summary judgment on the ground she failed to comply with the notice provisions of D.C.Code 1973, § 12–309.[1]

---

1. Appellant also argues that since one judge of the Superior Court denied the District's motion for summary judgment, this decision became the "law of the case," and, consequently, the

Section 12–309 provides:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the . . . [Mayor] of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

Appellant concedes that no letter of notification was sent within the statutory six month period to the Mayor of the District of Columbia giving ". . . the approximate time, place, cause and circumstances" of the incident. However, appellant maintains that the written reports concerning her child's death made by the police in the regular course of duty constituted sufficient notice to fall within the second sentence of Section 12–309.[2] Alternatively, appellant contends that her oral report of her child's injury to the security guard assigned to the building in which she lived constituted sufficient notice to the District of Columbia since the guard ". . . was acting as an authorized agent of the defendant . . . [and that] notice to [an] . . . agent is notice to the principal." [Appellant's brief at 3.] Since this contention which relies on oral notice is contrary to both the statute and the case law of this jurisdiction,[3] we will consider only appel-

---

second Superior Court judge erred when he granted a subsequent motion by the District for summary judgment. On the facts of this case, we disagree. It is clear from the record that the first judge denied the District's motion on the ground that the police reports concerning the incident which appellant claimed constituted notice to the District, were not before the court:

> With respect to the motion for summary judgment, it would appear that we not only have a question of fact but a mixed question of law and fact. The summary judgment is sought on the ground that the District was not given the statutory six months notification. It is admitted by both sides that a police report is one of the exceptions that could be notice to the city. A police report which has not been properly put before the court by either party . . . now, the character of that report, the sufficiency of that report, and what it contains are all matters to be determined factually. So, we have certainly a clear cut factual issue. [Record at 10–11.]

However, these police reports were before the second judge. As a result, he was not bound by the first judge's decision made on significantly different facts. *Kirby v. Mallory & Co., Inc.*, 489 F.2d 904, 913 (7th Cir. 1973), *cert. denied*, 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974); *Brownfield v. Landon*, 113 U.S. App.D.C. 248, 252, 307 F.2d 389, 393, *cert. denied*, 371 U.S. 924, 83 S.Ct. 291, 9 L.Ed.2d 232 (1962); *Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961). *See District of Columbia v. Morris*, D.C.App., 367 A.2d 571, 573 (1976); *Feaster v. Feaster*, D.C. App., 359 A.2d 272, 274 (1976). Moreover, the record indicates that appellant failed to raise this objection during the hearing on the Dis-

trict's renewed motion for a summary judgment:

> COURT: Are you suggesting . . . that this motion is improper in view of the Judge's prior ruling?
> PLAINTIFF COUNSEL: Well, I felt the motion was improperly sent to me. However, I am here to respond once again.
> COURT: All right.

2. The reports filed by the police include an "Incident Report" (P.D. Form 253), a "Supplemental Report" (P.D. Form 252), a narrative "Report of Investigation" (P.D. Form 123), and a "Death Report." The P.D. Forms 252 and 253 indicate that the complainant's daughter died as the result of injuries sustained when she "allegedly fell down the stairs to her home." [Record at 63.] The circumstances, date and the approximate time of her fall are given. The death report contains the same information as these other two forms and notes that the "possible manner of death" was "undetermined." The "Report of Investigation," which is in a narrative format, also indicates that the incident ". . . was of a suspicious nature" and may have involved a "possibly battered child." [Record at 60.] This report states that hospital documents indicated the child's injuries were caused when she "slipped and fell through a guard rail" while on the stairs. [Record at 60.]

3. D.C.Code 1973, § 12–309 indicates on its face that written and *not* oral notice is required. Moreover, the decisions in this jurisdiction indicate that "verbal notice to a subordinate official cannot take the place of the written notice which the statute says must be given to the . . . District government." *District of Columbia v. World Fire & Marine Ins. Co.*, D.C.

lant's contention that the police reports were sufficient notice under Section 12–309.

Section 12–309 requires potential claimants to provide an early warning to District of Columbia officials regarding litigation likely to occur in the future. Thus, this Section gives the District a litigative advantage over an ordinary civil defendant who may learn of claims against him for unliquidated damages at any time within the longer statute of limitations period. *See* D.C. Code 1973, § 12–301.

■ The rationale underlying the Section 309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted. *Jenkins v. District of Columbia*, D.C.App., 379 A.2d 1177, 1178 (1977); *Hill v. District of Columbia*, D.C.App., 345 A.2d 867, 869 (1975); *Wilson v. District of Columbia*, D.C.App., 338 A.2d 437, 438 (1975); and *Miller v. Spencer*, D.C.App., 330 A.2d 250, 251 (1973). The legislative history of Section 309 also indicates the provision was intended to encourage the prompt settlement of meritorious claims and to permit the District to conduct an early investigation of the facts and circumstances surrounding such claims. As described in the committee report accompanying the statute, the section was designed to aid the District of Columbia "in the defense of the public interest where claims" are filed within the applicable "statute of limitations but so long after the event that it is impossible"

for the city "to obtain evidence for use in litigation which may result." *Pickney v. District of Columbia*, 439 F.Supp. 519, 525 n. 6 (D.D.C.1977), *quoting* H.R.Rep. No. 2010, 72d Cong., 2d Sess. 1 (1933). *See District of Columbia v. Leys*, 62 U.S.App. D.C. 3, 63 F.2d 646 (1932).[4]

■■ Since Section 12–309 is in derogation of the common law, it is to be strictly construed. *Toomey v. District of Columbia*, D.C.App., 315 A.2d 565, 566 n. 1 (1974); *District of Columbia v. World Fire & Marine Ins. Co.*, D.C.Mun.App., 68 A.2d 222, 225 (1949). *See Boone v. District of Columbia*, 294 F.Supp. 1156, 1157 (D.D.C.1968) (written notice is insufficient due to its failure to state the claimant's identity or the circumstances of the injury). *Cf. Dellums v. Powell*, 184 U.S.App.D.C. 324, 327, 566 F.2d 216, 219 (1977). Moreover, compliance with the statutory notice requirement is mandatory. *Hill v. District of Columbia*, D.C.App., 345 A.2d 867, 869 (1975).

■ However, as this court has noted "with respect to *the details* of the statement [giving notice], *precise exactness is not absolutely essential.*" *Hurd v. District of Columbia*, D.C.App., 106 A.2d 702, 705 (1954) (written notice should describe the situs of the injury in such a manner as to enable the investigating agency to find it) (emphasis added); *District of Columbia v. Green*, 96 U.S.App.D.C. 20, 21, 223 F.2d 312, 313 (1955). *Compare Dixon v. District of Columbia*, D.C.App., 168 A.2d 905, 907 (1961) (written notice is adequate although it alleged the injury was due to a defective

Mun.App., 68 A.2d 222, 224 (1949); *Hill v. District of Columbia*, D.C.App., 345 A.2d 867, 869 (1975); *Stone v. District of Columbia*, 99 U.S.App.D.C. 32, 40, 237 F.2d 28, 36 (Bazelon J., dissenting), *cert. denied*, 352 U.S. 934, 77 S.Ct. 221, 1 L.Ed.2d 160 (1956); *Hurd v. District of Columbia*, D.C.Mun.App., 106 A.2d 702, 704 (1954).

4. The legislative history indicates that:
   Numerous instances were recited to the committee in which notice of injury as a result of alleged defective sidewalks, or other conditions, were brought to the attention of the commissioners by a filing of a suit . . . more than two years after the alleged injury

occurred. During the intervening period the sidewalk may have been entirely replaced. Witnesses to the accident had moved and could not be located and the circumstances surrounding the injury had become a matter entirely within the knowledge of the plaintiff. . . . The proviso added [written police report is sufficient notice] takes care of those instances in which actual notice is had by the District of Columbia from the police department, although technical notice may not have been filed by the person injured. [H.R. Rep.No. 2010, 72d Cong., 2d Sess. 1–2 (1933).]

sidewalk rather than a defective gutter) with *Miller v. Spencer,* D.C.App., 330 A.2d 250, 251 (1974) (mention of property damage in a police report is not notice to the District of personal injuries sustained in the same incident). *See Hirshfield v. District of Columbia,* 103 U.S.App.D.C. 71, 73, 254 F.2d 774, 776 (1958).

■ In order for a police report made in the regular course of duty to satisfy the Section 309 requirement of notice, it must contain information as to the approximate time, place, cause and circumstances of the injury or damage ". . . with at least the same degree of specificity required of a written notice." *Jenkins v. District of Columbia, supra* at 1178; *Miller v. Spencer, supra* at 252; *Brown v. District of Columbia,* D.C.App., 304 A.2d 292, 293 (1973); *Stone v. District of Columbia,* 99 U.S.App. D.C. 32, 34, 237 F.2d 28, 30, *cert. denied,* 352 U.S. 934, 77 S.Ct. 221, 1 L.Ed.2d 160 (1956).

In *Miller v. Spencer, supra* at 252, the legislative history of the statute is cited to the effect that:

> [t]he police report is an alternative form of notice added to "[take] care of those instances in which *actual notice* is had by the District of Columbia from the police department, although technical notice may not have been filed by the person injured." . . . [the report must contain the same degree of specificity required of the written notice] to require any less would place an intolerable investigative burden on the District. [Emphasis in original.]

Moreover, as *Miller v. Spencer, supra* at 251, recognized, "[the argument that] the mere existence of any police report . . without regard to its scope or accuracy, satisfied the plain language of the statute so long as it is made in the regular course of duty . . . is contrary to the general purpose of the provision as a whole." It *has* also been held that a police arrest report is not notice to the District of a possible *false* arrest. *Jenkins v. District of Co-*

*lumbia, supra* at 1178; *Brown v. District of Columbia, supra* at 293, and that a police report of an accident involving property damage is not notice to the District of any personal injuries which may have occurred. *Miller v. Spencer, supra* at 252. However, a "full detailed official report" made after an accident which reflected an immediate and thorough investigation has been found to satisfy the statutory notice requirement. *Thomas v. Potomac Electric Power Co.,* 266 F.Supp. 687, 694 (D.D.C.1967). Moreover, the United States Circuit Court for the District of Columbia has recently considered whether particular police reports complied with the Section 12–309 requirement of notice in a case involving the negligent supervision of a parolee by an employee of the District of Columbia. In *Rieser v. District of Columbia,* 183 U.S.App.D.C. 375, 380, 563 F.2d 462, 467 (1977), the police reports had provided the District with notice of the time and place of the injury, as in the instant case. In *Rieser,* the District argued that the police reports did not describe the "circumstances" giving rise to its liability; *viz.,* its failure to fully disclose a parolee's criminal background and its failure to provide adequate parole supervision. *Id.* 183 U.S.App.D.C. at 389, 563 F.2d at 476. The federal circuit court here rejected these contentions and held:

> that the police reports [of a murder by the parolee] provided the District notice of the principal facts sufficient to lead it to those related facts which were peculiarly within its possession and that the requirements of Section 12–309 were satisfied. [*Id.*]

■ Our review of the precedents considering whether a particular police report has satisfied the notice requirement of Section 309 persuades us that those decisions implicitly follow a case-by-case approach in an area where no "bright line" tests are applicable. Likewise, we conclude that the determination of whether a particular police report or series of reports constitutes statutory notice to the District of Columbia

can only be reached after consideration of the particular facts of the case, the nature of the report itself and the objectives sought to be attained by the notice provision.

■ While the Section 12–309 proviso states that a written police report made in the regular course of duty ". . . is a sufficient notice," it does not expressly incorporate the requirements of the statute's forepart concerning the "approximate time, place, cause and circumstances" of the incident. However, such incorporation is necessary in order for the police report provision to be ". . . [consistent] with the statute's purpose of assuring adequate information for the proper and efficient disposition of claims by the district." *Stone v. District of Columbia, supra* 99 U.S.App.D.C. at 36, 237 F.2d at 32. In the present case, the reports collectively revealed the location and approximate time of the accident and were prepared by the police in the regular course of duty. The critical question becomes whether these reports sufficiently stated the "cause and circumstances of the injury." [5]

■ We first consider whether the reports adequately described the "circumstances" of the accident: *viz.*, a child's fall and subsequent injuries which were sustained while she and her mother and sister were descending a stairway in the building in which they resided. A determination of whether the police reports adequately frame the "circumstances" of the incident must be made with reference to the purpose of the statutory notice requirement which is ". . . to give the District timely information concerning a claim against it, so it may adequately prepare its defense." *Id.* 99 U.S.App.D.C. at 33, 237 F.2d at 29.

Here, the police reports reveal (1) the identity of the persons present when the child fell, (2) the name of the mother and father of the child, (3) the fact that the child fell as she and her mother and sister were descending the stairs, (4) the name of the security guard on duty in the building at the time of the accident, (5) the number of the emergency vehicle which transported the injured child to the hospital and its crew's provisional diagnosis of her injuries, and (6) the name of the treating physician at the hospital and his diagnosis and prognosis. Consequently, it cannot be said that information regarding the "circumstances" of the child's fall was lacking.

■ However, it is also necessary that the police reports give notice of the "cause . . . of the injury." We recognize, at the outset, that a police report, by its nature, may not fully reflect every salient fact concerning the potential liability of the District with the same degree of clarity and specificity as a document drawn by an attorney. However, the report provides sufficient notice of the "cause" of an injury to satisfy the statutory requirement, if it recites facts from which it could be reasonably anticipated that a claim against the District might arise.

■ The police Report of Investigation, made here in the regular course of duty, denotes that the child "slipped and fell through a guard rail . . . after attempting to climb . . . a flight of stairs (4 stairs)." The report also reveals that the police investigator went to the scene within 48 hours of the accident and investigated the circumstances and interviewed the apartment's security officer who had been first contacted by the mother after her daughter's fall. The investigator

---

**5.** The legislative committee report No. 2010, *supra* note 4, fails to illuminate the meaning of the term "approximate time, place, cause and circumstances of the injury." The report states (at 2) "it was thought . . . an approximate estimate of the time of the accident should be sufficient. . . . Witnesses appearing for the District stated that a general description of the place would be inadequate as the actual conditions at the particular place must be inspected." The committee also inserted the word "circumstances" as a replacement for the word "extent."

also asserted in the report that he "[w]ill attempt to . . . pinpoint the exact location of the alleged fall, and have it photographed by Mobile Crime." To say that the instant police report of a child's falling through a guard rail of a public housing project does not supply adequate notice Section 12–309 would effectively read the police report alternative out of the statute. We hold therefore that the District under the facts of this case had actual notice of the accident and the child's injury so that the requirements of Section 12–309, and particularly its police report proviso, were met.

*Reversed and remanded.*