**Herbert JENKINS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 12090.**

District of Columbia Court of Appeals.

Submitted Sept. 29, 1977.

Decided Nov. 21, 1977.

Sol Rosen, Washington, D. C., for appellant.

John R. Risher, Jr., Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., were on the brief for appellee.

Before KERN, HARRIS and FERREN, Associate Judges.

FERREN, Associate Judge:

This case presents the question whether appellant gave timely notice of his claim for false arrest and malicious prosecution to the District of Columbia under D.C.Code 1973, § 12–309. We hold that he did not.

Appellant was arrested on July 16, 1975, on a charge of soliciting for prostitution. D.C.Code 1973, § 22–2701. After trial in the Superior Court, appellant was acquitted on September 29, 1975. Appellant wrote a letter to the Mayor of the District of Columbia on June 28, 1976, notifying him of a claim for false arrest and malicious prosecution arising from the criminal case. Appellant filed a complaint for false arrest and malicious prosecution on July 6, 1976, whereupon the District moved for dismissal, or, in the alternative, summary judgment,

on the ground that appellant had not complied with D.C.Code 1973, § 12–309. After a hearing on February 28, 1977, the trial court granted the motion and dismissed the complaint. (Neither appellant nor his counsel attended the hearing, although the court had given proper notice.)

■ Appellant concedes that his letter of notification did not comply with the first sentence of § 12–309, which provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

He maintains, however, that the police report of his arrest, coupled with his trial and acquittal and the official United States Attorney "reports" on his case, constitute sufficient compliance with the second sentence of the statute, which states:

> A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

Appellant's argument is contrary to the decisions of this court in *Miller v. Spencer*, D.C.App., 330 A.2d 250 (1974), and *Brown v. District of Columbia*, D.C.App., 304 A.2d 292 (1973). These cases held that police reports satisfy the requirements of § 12–309 only if they actually notify the District of Columbia of the injury claimed and only if they do so "with at least the same degree of specificity required of a written notice." *Miller v. Spencer, supra* at 252.

The police report in the present case is of the same nature as the one rejected in *Brown* as inadequate to notify the District. Additionally, the criminal trial process and the records of the United States Attorney's office cannot be said to furnish the Executive Branch of the District government with specific notice of an alleged civil injury. Thus, a police arrest record, coupled with a criminal trial and acquittal, does not

necessarily suggest that the arrest was "false" or the prosecution "malicious," nor does it automatically supply the requisite information regarding "time, place, cause, and circumstances of the injury or damage."

In any event, the second sentence of § 12–309 permits notice only by police report—a report that covers all the requisite information, easily found in one place. It does not contemplate the District government's perusal of criminal trial proceedings or reports in the United States Attorney's office.

■ Adoption of appellant's theory would disserve the recognized purposes of the notice provision; *i. e.*, protection against unreasonable claims and affordance of the opportunity for appropriate government officials to ascertain the facts, and, if appropriate, to adjust the claim. *Hill v. District of Columbia*, D.C.App., 345 A.2d 867, 869 (1975). Because appellant did not satisfy the notice requirement of § 12–309, the complaint was properly dismissed.

*Affirmed.*