**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **YEETA L. WARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 10-321 (RWR)** |
| | ) |
| **D.C. DEPARTMENT OF YOUTH** | ) |
| **REHABILITATION SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Yeeta Ward, a correctional officer employed by the defendant District of Columbia Department of Youth Rehabilitation Services ("DYRS") filed a two-count complaint against the DYRS alleging claims of retaliation and discriminatory hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>., and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code Ann. § 2-1401.01 <u>et</u> <u>seq.</u>.[1]  The DYRS moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Ward's complaint.  Because Ward elected to file a charge of discrimination with the District of Columbia Office of Human Rights ("DCOHR") regarding the same course of conduct and the charge reached resolution, her claims under the DCHRA will be

_____

[1] Ward also alleged that DYRS violated 42 U.S.C. § 1981, but she has voluntarily dismissed her § 1981 claims.  (Pl.'s Opp'n at 9-10.)

dismissed. Because DYRS lacks the capacity to be sued, the District of Columbia will be substituted as the defendant.

BACKGROUND

The DYRS hired Ward in August 2004. (Compl. ¶ 7.) She alleges that she thereafter was subjected to gender-based harassment, insults, and repeated reassignments. (Id. ¶¶ 10, 15-20, 36, 39.) In March 2008, Ward filed a charge of discrimination against DYRS with the EEOC and the DCOHR. (Id. ¶ 5.) She complains that as a result, she experienced retaliation, continued harassment, and a hostile work environment. (Id. ¶¶ 25-29.)

Ward filed this action in February 2010 under Title VII and the DCHRA, alleging one count of retaliation and one count of hostile work environment. The DYRS has moved to dismiss Ward's complaint under Rule 12(b)(6), arguing that Ward's claims under the DCHRA should be dismissed because Ward elected to file a charge of discrimination with DCOHR that was resolved, and that the DYRS lacks the capacity to be sued. Ward opposes dismissal, arguing that she should be allowed to amend her complaint to substitute the District of Columbia for the DYRS as the proper defendant.

DISCUSSION

A complaint can be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be

granted.  <u>Peavey v. Holder</u>, 657 F. Supp. 2d 180, 185 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6)).  "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint." <u>Smith-Thompson v. Dist. of Columbia</u>, 657 F. Supp. 2d 123, 129 (D.D.C. 2009).  The complaint must be construed in the light most favorable to the plaintiff and "the court must assume the truth of all well-pleaded allegations."  <u>Warren v. District of Columbia</u>, 353 F.3d 36, 39 (D.C. Cir. 2004).  In deciding a motion brought under Rule 12(b)(6), a court does not consider matters outside the pleadings, but a court may consider on a motion to dismiss "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," <u>Gustave-Schmidt v. Chao</u>, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), or "documents 'upon which the plaintiff's complaint necessarily relies' even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss," <u>Hinton v. Corr. Corp. of Am.</u>, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (quoting <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1998)).[2]

---

[2] Ward's opposition requests that the motion to dismiss be converted to one for summary judgment because the motion attaches two documents purportedly outside of the complaint - - the DCOHR charge of discrimination and the letter of determination from the DCOHR.  However, the charge of discrimination is referred to in the complaint (Compl. ¶ 5), a reference that also necessarily incorporates in the complaint the letter of determination resulting from the charge.  In any event, the complaint necessarily relies upon the fact of the charge and the letter in

I.  DCHRA

Under the DCHRA, plaintiffs are "required 'to choose between an administrative or a judicial forum in which to pursue their claims.'"  Adams v. Dist. of Columbia, Civil Action No. 09-2459 (RMU), 2010 WL 3831686, at *11 (D.D.C. September 28, 2010) (quoting Carter v. Dist. of Columbia, 980 A.2d 1217, 1223 (D.C. 2009)); see D.C. Code § 2-1403.16(a).  "A plaintiff, however, may commence an action in court, notwithstanding his or her prior filing of a complaint with the DCOHR, if either: (1) the plaintiff withdraws the DCOHR complaint before the DCOHR renders a judgment on it; or (2) the DCOHR dismisses the complaint for 'administrative convenience.'"  Adams, 2010 WL 3831686, at *11 (citing D.C. Code § 2-1403.16(a)).  "In order to successfully withdraw a complaint before the DCOHR, and thus, preserve the right to bring the same claim in court, a complainant must request withdrawal 'prior to the completion of the [DCOHR's] investigation and findings.'"  Adams, 2010 WL 3831686, at *12 (citing D.C. Code § 2-1403.04).

Ward's opposition to the defendant's motion to dismiss does not address the argument that the claims in Ward's complaint that arise under the DCHRA should be dismissed because she filed a charge of discrimination regarding the same course of conduct

_____

pleading that administrative proceedings were pursued before this action was begun.  (See id. at 2.)  Thus, the motion need not be converted to one for summary judgment.

with the DCOHR.  Therefore, this argument may be deemed
conceded.  See Cooper v. Farmers New Century Ins. Co., 607 F.
Supp. 2d 175, 180 (D.D.C. 2009) (granting motion to dismiss as
conceded based on the plaintiff's failure to respond to arguments
raised in the motion); Bonaccorsy v. Dist. of Columbia, 685 F.
Supp. 2d 18, 24 (D.D.C. 2010) (citing CSX Transp., Inc. v.
Commercial Union Ins. Co., 82 F.3d 478, 482-83 (D.C. Cir. 1986)
and Felter v. Salazar, 679 F. Supp. 2d 1, 4 n.2 (D.D.C. 2010)).
Moreover, Ward has presented no evidence that she withdrew her
charge of discrimination before the DCOHR, or that her charge of
discrimination was dismissed for administrative convenience.
Thus, Ward's DCHRA claims will be dismissed.

II.  DYRS

The DYRS moves to dismiss Ward's complaint in its entirety
because the DYRS, as an agency of the District of Columbia, lacks
the capacity to be sued.  (Def.'s Mem. in Supp. of Mot. to
Dismiss, at 4-5.)  When a plaintiff mistakenly names as a
defendant a District of Columbia agency instead of the District
of Columbia itself, it is appropriate to substitute the District
for its agency.  See Hunter v. D.C. Child & Family Servs. Agency,
710 F. Supp. 2d 152, 157 (D.D.C. 2010) (citing Ennis v. Lott, 589
F. Supp. 2d 33, 37 (D.D.C. 2008)).  Here, the defendant's motion
to dismiss the complaint against the DYRS will be construed as a
motion to substitute the District of Columbia for the DYRS as the

defendant.  See Bennett v. Henderson, Civil Action No. 10-1680 (RWR), 2011 WL 285871, at * 1 (D.D.C. January 28, 2011) (construing motion to dismiss as one for substitution, and substituting the District of Columbia for the District of Columbia Public Schools as defendant).  Accordingly, the District of Columbia will be substituted for the DYRS as the defendant in this action, and the complaint will be construed as one alleging claims against the District of Columbia.

                    CONCLUSION AND ORDER

    Ward filed with the DCOHR a charge of discrimination that reached resolution regarding the same course of conduct as is alleged in this action, precluding her from bringing the DCHRA claims in her complaint here.  Therefore, her DCHRA claims will be dismissed.  Since the DYRS is non sui juris, the District of Columbia will be substituted for the DYRS as the defendant. Therefore, it is hereby

    ORDERED that the defendant's motion [4] to dismiss be, and hereby is, GRANTED IN PART.  Ward's claims under the DCHRA are DISMISSED.  It is further

    ORDERED that the District of Columbia be, and hereby is, SUBSTITUTED for defendant District of Columbia Youth Rehabilitation Services.

SIGNED this 7th day of March, 2011.

_____/s/_____

RICHARD W. ROBERTS
United States District Judge
